83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon Castorena SOTELO, Defendant-Appellant.
 No. 95-16830.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Simon Castorena Sotelo appeals pro se the district court's dismissal of his petition for relief under 28 U.S.C. § 2255. Sotelo claims the district court abused its discretion when it found his challenge to a 1979 guilty-plea conviction barred by laches. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review a district court's application of laches for an abuse of discretion. Telink, Inc. v. United States, 24 F.3d 42, 47 (9th Cir.1994). Unless a petitioner shows that he has acted diligently, laches may bar a section 2255 motion if the delay in filing the motion has prejudiced the government's ability to respond to it. Rules Governing § 2255 Proceedings, 28 U.S.C. § 2255, Rule 9(a), 28 U.S.C. foll. § 2255; Telink, 24 F.3d at 47.
 
 
 4
 Here, sixteen years after he had been convicted for conspiracy to distribute heroin, Sotelo claims his conviction was barred by double jeopardy. Sotelo alleges the government administratively forfeited $79,690.00 belonging to him prior to entry of his guilty plea without providing him notice of the forfeiture proceedings.
 
 
 5
 The district court barred Sotelo's claims finding that Sotelo's lengthy delay prejudiced the government's ability to prove that it had notified Sotelo of the seizure of the money and to show that its release of the $79,690 to the tax authorities did not constitute a forfeiture. The district court also found that Sotelo failed to show that he had acted diligently in raising these claims. Because the record supports the district court's conclusion that the delay prejudiced the government and that Sotelo failed to act diligently, the district court did not abuse its discretion when it denied his section 2255 motion. See Rule 9(a); Telink, 24 F.3d at 47-48.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sotelo's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3